The STATE of Ohio, Appellee,

v.

COLLIE, Appellant.

[Cite as *State v. Collie* (1996), 108 Ohio App.3d 580.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950640.

Decided May 29, 1996.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Jennifer E. Day,* Assistant Prosecuting Attorney, for appellee.

*Amy Searcy McDonough,* for appellant.

MARIANNA BROWN BETTMAN, Presiding Judge.

Randy Collie, defendant-appellant, appeals from his conviction of domestic violence in violation of R.C. 2919.25.[1]  The conviction arose out of an incident in

---

1.  R.C. 2919.25 provides:

"(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

"(B) No person shall recklessly cause serious physical harm to a family member or household member.

which Collie, drunk, came home at 5:00 a.m. and said to his wife, "If I had a gun, I would shoot you."

At trial, Mrs. Collie testified to the following circumstances. First, Collie did not own a gun and there was none in the house. Second, based on Mrs. Collie's past experiences, Collie became violent when drunk, and she considered him a violent man when he drank. Third, on the morning in question, he appeared to her to be drunk. Fourth, he did not yell or strike her, and the situation did not get violent. Finally, fearing that Collie would harm her and that he would pass out while watching their children, she left the house under the guise of buying cigarettes for her husband and went to the police instead. She was described by the officers as shaken and frightened, and afraid to return to remove her children.

Two police officers entered the Collie house with a key given to them by Mrs. Collie. Collie was described as calmly making oatmeal for his children for breakfast, still drunk, and verbally abusive to the officers. He was placed under arrest. Following a bench trial, he was convicted of domestic violence and sentenced to one hundred eighty days in jail, suspended; fined $1,000; and placed on probation for three years, a condition of which is substance-abuse treatment.

In his first assignment of error, Collie argues that the trial court erred in not granting his Crim.R. 29 motion for judgment of acquittal at the close of the state's case. Specifically, Collie argues that the state failed to produce any evidence indicating that the threat of harm to Mrs. Collie was "imminent," which is an element of the offense with which he was charged.

Collie's statement, "[i]f I had a gun, I would shoot you," is what is known in law as a conditional threat. A conditional threat can constitute a violation of the menacing laws.[2] See State v. Bayer (1995), 102 Ohio App.3d 172, 183, 656 N.E.2d 1314, 1321; Columbus v. Hutchins (July 30, 1991), Franklin App. No. 91AP–18, unreported, 1991 WL 151222 ("I will bust you if you do not let go of my

---

"(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."

Based upon the evidence in the record, Section (C) is the only section that applied in this case.

2. The aggravated menacing statute, R.C. 2903.21, provides:

"No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family."

The menacing statute, R.C. 2903.22, provides:

"No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person or member of his immediate family."

wife.");  *State v. Boggs* (Dec. 14, 1990), Portage App. No. 89–P–2083, unreported, 1990 WL 208822 ("Get the hell out of here or I am going to shoot you.");  *Columbus v. James* (Sept. 15, 1988), Franklin App. Nos. 87AP–1218 and 87AP–1222, unreported, 1988 WL 96240 ("You come in here and I'll kick your ass.");  *State v. Sharp* (June 30, 1982), Medina App. No. 1128, unreported, 1982 WL 5077 ("Keep your hand off my wife's knee or I'll kick your ass.");  *State v. Jones* (Jan. 29, 1982), Clermont App. No. CA–1044, unreported, 1982 WL 6031 ("If you f__ with my car, I'll break your damn neck, you bitch.").

■  Generally, under the menacing laws, the state does not need to prove the offender's ability to carry out the threat or any movement toward carrying it out.  *State v. Schwartz* (1991), 77 Ohio App.3d 484, 602 N.E.2d 671;  *State v. Roberts* (Sept. 26, 1990), Hamilton App. No. C–890639, unreported, 1990 WL 410625; Committee Comment to R.C. 2903.22(A).

■  Collie was charged with a violation of R.C. 2919.25(C), which provides that "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."  Unlike the menacing laws, this provision of the domestic violence statute contains the element of "imminence."  "Imminent" means "threatening to occur immediately."  Webster's Second International Dictionary (1959) 1245.

The state chose to charge Collie under the domestic violence statute rather than under one of the menacing statutes.  While there are very sound reasons for this, since a prior conviction for domestic violence will enhance the penalty on the next offense, the state must prove all the elements of the offense charged.  Sections of the code defining offenses must be strictly construed against the state.  R.C. 2901.04(A).

■  On review of the denial of a motion under Crim.R. 29(A), the appellate court construes the evidence in a light most favorable to the state.  An entry of acquittal is improper "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."  *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

■  Under the facts of this case, while Collie could well have been convicted of one of the menacing offenses, the state has failed to prove an essential element of the domestic violence statute with which he was charged, namely the *belief* of a family member that the offender will cause *imminent* physical harm.  R.C. 2919.25(C).  Nevertheless, because of our recognition of the unique nature of domestic violence cases, and our concern for the victims thereof, we today announce a test which the state shall be permitted to use in the future in cases

brought under R.C. 2919.25(C). We hold that in order to prove the element of the belief of a family member that the offender will cause imminent physical harm, evidence of "other acts" against the same victim will be admissible with appropriate safeguards as herein set forth.

As noted above, R.C. 2919.25(C) has, as an element, the *belief* of a family member that the offender will cause *imminent* physical harm. Evidence of specific past acts toward the same victim cannot be used to show conforming conduct, an impermissible use of such evidence under Evid.R. 404(B). It can be used to establish the basis of the victim's belief that the offender is about to cause imminent physical harm, an element of this crime.[3] In this regard, although the roles of the victim and the defendant are reversed, this is analogous to permitting evidence of a victim's prior specific instances of conduct to show the defendant's state of mind in a self-defense case, where the defendant's state of mind is crucial in determining whether self-defense was justified under the circumstances. There, as here, such prior acts would not be properly admitted unless knowledge of the specific acts prior to the confrontation was established by the party who needed to prove the requisite state of mind. Cf. *State v. Marsh* (1990), 71 Ohio App.3d 64, 69, 593 N.E.2d 35, 39.

Because of the great potential for prejudice arising from "other acts" testimony, in a domestic violence case brought under R.C. 2919.25(C), testimony of other acts of violence toward the same victim must be completely specific as to time and place. Properly particularized past behavior should be permitted to prove this element of the offense; generalizations should not. An excellent example of this distinction is found in *State v. Bolds* (Jan. 19, 1993), Stark App. No. CA–9058, unreported, 1993 WL 35578.

In *Bolds,* much as in this case, the defendant, while drunk, approached the apartment of the mother of his two children, stood outside, and repeatedly yelled and threatened to harm her. He did not get inside, and no actual harm occurred. The woman was able to call the police from a neighbor's apartment. When the police arrived, they found the woman very shaken, and Bolds taunting.

Bolds was charged under R.C. 2919.25(C). At trial, the court allowed evidence of *specific* prior acts (which included dates and descriptions of exactly what had happened) to prove the element of the victim's belief that the defendant would imminently harm her when he stood on the porch yelling threats. The court specifically *disallowed* testimony that the defendant "had done many things" to her in the past and directed counsel for the state to keep the victim's testimony

---

3. This is all the more reason that we believe there must be particularity in the charging instrument as to which subsection of the domestic violence statute has been violated. See *State v. Lee* (1995), 73 Ohio Misc.2d 9, 657 N.E.2d 604.

specific as to time and place. Finally, the court instructed the jury that the evidence of specific other acts could be considered only to prove the victim's belief that harm was imminent. The court of appeals affirmed the conviction on this basis, noting that "the event triggering prosecution is generally a conclusion to a series of events and is not always the most serious conduct." *Id.* at 3.

In the application of this analysis to the case at bar, apparently Collie's state of drunkenness had triggered his violence towards Mrs. Collie in the past. However, there is nothing specific in the record about these past incidents as there was in *Bolds:* no dates, places, and specific descriptions of what happened. Unfortunately, an objection to the state's attempt to develop this specificity was sustained by the trial court, which, in fairness, did not have the benefit of this analysis.

We believe that when coupled with the conditional threat in this case, specific acts in the past tying Collie's drunkenness to violent behavior probably would have provided the evidence necessary to prove Mrs. Collie's belief that harm was imminent; without it, however, the prosecution must fail. The evidence otherwise presented by the state was insufficient to create a question in the mind of the fact finder that the threatened harm was imminent. The first assignment of error is sustained.

Because of our disposition of the first assignment of error, the second assignment of error is moot.

Therefore the judgment of the trial court is reversed, and the defendant is discharged from further prosecution.

*Judgment reversed.*

SUNDERMANN and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.