Defendant-appellant George Scott Roberson, appeals his conviction in Hamilton Municipal Court for domestic violence. We affirm.
On the evening of January 10, 1998, appellant was alone in his home located at 2232 Eaton Road, Hamilton, Butler County, Ohio. Around 1:30 a.m. the following morning, appellant left his home to get something to eat. When he returned, appellant unexpectantly found his wife, Cindy Roberson ("Cindy"), on the couch. Appellant was surprised to see his wife since she previously told appellant that she would not be staying at their marital residence.[1] However, the two began to argue over whether or not Cindy was going to remain in the house. Unknown to appellant, Cindy called 911 and kept the operator on the line until the police arrived.
Approximately twenty minutes later, Officer Dwyane Pelfrey of the New Miami Police Department and Deputy Sheriff David Marcum of the Butler County Sheriff's Office arrived. At that point, Cindy hung up with the 911 operator and began to inform the police what transpired between her and appellant. The police found Cindy to be shaken and scared. Deputy Sheriff Marcum spoke with the 911 operator who told him that all he heard was "a bunch of screaming and yelling". Thereafter, appellant was arrested for domestic violence, a violation of R.C. 2919.25(C).
On February 10, 1998, appellant pled not guilty and a bench trial was held. By judgment entry filed on March 3, 1998, the trial court found appellant guilty of the charged offense and ordered appellant to pay a fine including costs of $230, to have no contact with the victim, and sentenced appellant to thirty days in jail.[2]
Appellant filed a timely appeal and asserts the following assignment of error:
 THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his sole assignment of error, appellant asserts that the facts do not support a finding that appellant's conduct presented a threat of imminent or immediate violence toward Cindy. Therefore, appellant argues that the facts do not support his conviction under R.C. 2919.25(C). We disagree.
In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in evidence, that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Franco (Apr. 27, 1998), Madison App. No. CA97-08-035, unreported, at 5, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In reviewing the evidence that was presented at trial, the reviewing court must take into consideration that the trier of fact is in the best position to judge the credibility of witnesses and to determine the weight to be given to the evidence. State v. DeHass (1967), 10 Ohio St.2d 230.
Appellant was convicted of domestic violence, pursuant to R.C.2919.25(C). R.C. 2919.25(C) states that "No person, by threat or force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." In order to sustain a charge of domestic violence under R.C. 2919.25(C), the state must prove the essential element that the victim had a reasonable belief that appellant would cause her imminent physical harm at the time the incident took place. Hamilton v. Cameron (1997), 121 Ohio App.3d 445,449; State v. Taylor (1996), 78 Ohio Misc.2d 82, citing to State v. Collie (1996), 108 Ohio App.3d 580. Imminent harm means "threatening to occur immediately." Collie, 108 Ohio App.3d 580, citing Webster's Second International Dictionary (1959) 1245. To prove the essential element that there was a belief of imminent physical harm, the state may introduce prior acts of violence directed toward the victim. Collie, 108 Ohio App.3d at 584.
In the present case, the state introduced testimony from the victim, Cindy, and the two police officers who arrived at the residence in the early morning of January 11, 1998. Both police officers testified that when they entered the home Cindy was shaking violently and had a difficult time explaining what had transpired prior to their arrival. In addition, Officer Pelfry testified that Cindy looked scared to death.
Cindy testified that appellant continuously screamed obscenities at her to get out of the house and threatened her by saying: "I'll whip your f____ing ass." Cindy testified that on April 24, 1997, and in October of 1989, appellant broke her nose. Appellant admitted that in 1997 he broke Cindy's nose, but claimed it was in self-defense. In addition, Cindy testified that there were other occasions in which appellant would strike her and throw her around like a "rag doll."
In its judgment, the trial court took into consideration the police officers' testimony that Cindy was shaken and appeared to be scared. The trial court further noted that the 911 operator heard "a bunch of yelling and screaming," and made a second call to the officers en route to hurry up because the yelling was growing. Based on the foregoing, the trial court found appellant guilty of domestic violence pursuant to R.C. 2919.25(C).
We note that the trial court, as the trier of fact, is in the best position to consider the credibility of the officers and to determine whether Cindy held a reasonable belief that appellant posed an imminent threat to her. We find that the testimony at trial and the prior acts of violence by appellant toward Cindy demonstrated that Cindy had a reasonable belief that appellant would cause her imminent physical harm. Therefore, we find that appellant's conviction is supported by substantial and credible evidence and the trier of fact did not lose its way and create a miscarriage of justice when it found appellant guilty of domestic violence pursuant to R.C. 2919.25(C). Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Divorce proceedings are pending between appellant and his wife.
[2] Appellant and Cindy have two children who are in the temporary custody of appellant. The trial court stayed appellant's jail sentence until he could make adequate accommodations for his children.