The following appeal arises from the decision of the Youngstown Municipal Court wherein James T. Kent, appellant, was found guilty of domestic violence in violation of R.C. 2919.25 (C). For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
The record reflects that for a period of approximately one year prior to May of 1997 appellant resided with Christine Kergan. Although they were not married, appellant and Ms. Kergan had a child together who resided with them. In early May 1997, Ms. Kergan moved out of the residence due to an alleged altercation during which appellant threatened her life. Ms. Kergan returned to the residence on May 22, 1997 in order to retrieve some mail and personal belongings. At the time Ms. Kergan was accompanied by a friend, Tammy Petrosky, as well as Officer Eugene Lopez of the Youngstown Police Department.
Upon arriving at the residence, Ms. Kergan and Officer Lopez entered the residence and retrieved the property which was being sought. While in the residence an argument occurred between appellant and Ms. Kergan as to whose name appeared on the lease. It was Ms. Kergan's contention that appellant should vacate the residence as his name did not appear on the lease. Due to the fact that a copy of the lease could not be located, it was decided that Officer Lopez would accompany Ms. Kergan to her landlord's residence in an attempt to resolve the dispute.
After exiting the premises, Ms. Kergan returned to Ms. Petrosky's vehicle while Officer Lopez returned to his police cruiser. Appellant also exited the residence and attempted to approach Ms. Petrosky's vehicle. Officer Lopez noticed this activity and advised appellant to return to the residence. Although appellant started back towards the house, he returned to Ms. Petrosky's vehicle as Officer Lopez turned his vehicle around in the street. It was at this point in time in which it is alleged that appellant stated to Ms. Kergan, "You fucking bitch, you'll get what's coming to you." Ms. Kergan also indicated that appellant accompanied these statements with threats to kill her.
When Officer Lopez realized appellant's proximity to Ms. Petrosky's vehicle, he again ordered appellant to return to the house. Ms. Petrosky then drove approximately three blocks to the landlord's house with Officer Lopez following. It was eventually discovered that in fact Ms. Kergan's name appeared on the lease. While at the landlord's residence, Ms. Kergan and Ms. Petrosky related appellant's threats to Officer Lopez who in turn completed a report on the incident. Appellant was subsequently arrested for domestic violence in violation of R.C. 2919.25 (C), a fourth degree misdemeanor.
On May 23, 1997, Ms. Kergan filed a criminal complaint and a motion for a temporary protection order in the Youngstown Municipal Court. The court granted the motion and appellant entered a plea of not guilty to the charged offense. A trial to the bench was conducted on June 2, 1997 at which time Ms. Kergan, Ms. Petrosky, Officer Lopez and appellant provided testimony. At the close of the state's case, appellant moved for a directed verdict which was denied. Having considered and weighed the testimony presented, the trial court entered a verdict of guilty on the domestic violence charge and immediately proceeded to sentencing. The trial court fined appellant $50 plus costs, imposed a thirty day jail sentence which was suspended in its entirety, and ordered that appellant be placed on reporting probation for a period of eighteen months.
A timely notice of appeal was filed from the trial court's decision on June 25, 1997. Appellant sets forth two assignments of error on appeal.
At the outset, we note that appellee has failed to file a brief in response to the arguments proposed by appellant. Pursuant to App. R. 18 (C), this court is granted the authority to accept appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if appellant's brief reasonably appears to sustain such action.
 II. ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error reads:
 "THE TRIAL COURT ERRED FINDING APPELLANT GUILTY OF DOMESTIC VIOLENCE PURSUANT TO O.R.C. 2919.25 (C), AS THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT SUCH A CONVICTION."
Under appellant's first assignment of error, it is argued that the conviction should be reversed as the prosecution failed to provide sufficient evidence as to all material elements of the crime. Specifically, appellant argues that the prosecution failed to establish that Ms. Kergan believed she was in danger of imminent physical harm. Absent such a showing, a conviction pursuant to R.C. 2919.25 (C) cannot be sustained. Appellant indicates that it is undisputed that no physical harm actually occurred on the date in question. This fact, coupled with a perceived lack of testimony on the issue of imminent physical harm, leads appellant to the conclusion that this court must reverse in his favor. Appellant adds that had Ms. Kergan truly been fearful, she would have exited her vehicle and immediately notified Officer Lopez. The failure to do so is argued to establish that Ms. Kergan did not believe physical harm was imminent. Furthermore, appellant asserts that the threats which lead to the conviction were merely fabrications conjured up by Ms. Kergan in an attempt to have him removed from the residence.
 A. APPLICABLE LAW
When a defendant challenges the sufficiency of evidence, the relevant question is, "after viewing the evidence in a light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Getsy, (1998), 84 Ohio St.3d 180,193 citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, supra
at 273.
The relevant offense in this matter is addressed in R.C.2919.25 (C) which states:
 "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
In establishing whether the victim believed that physical harm was imminent, it has been determined that the trier of fact may consider other acts of violence by the offender towards the victim. State v. Collie (1996), 108 Ohio App.3d 580, 583-84. However, said "other acts" must be completely specific as to time and place. Id. "Properly particularized past behavior should be permitted to prove this element of the offense; generalizations should not." Id.
 B. ANALYSIS
A review of the record reveals that despite appellant's contentions to the contrary, the trial court was provided sufficient evidence as to all elements of the charged offense. First, upon direct examination of Ms. Kergan, the following testimony was elicited:
"A: He said he was going to kill me.
Q: He said that to you also?
A: He said that he was going to kill me.
 Q: Did you believe that at that time? Did you take that seriously?
A: Yes.
Q: What effect did it have upon you?
 A: I was scared. I was in fear for my life." (Tr. at 4).
These statements are corroborated by the testimony of Ms. Petrosky. According to Ms. Petrosky, Ms. Kergan was visibly shaken by the statements made by appellant. In Ms. Petrosky's words, Ms. Kergan appeared to be "very afraid of him." (Tr. at 20). Additionally, she testified that Ms. Kergan was shaking and was very nervous after the confrontation with appellant. (Tr. at 20).
Based upon this testimony alone, it was rational for a trier of fact to conclude that the element in question was proven beyond a reasonable doubt. Ms. Kergan testified under oath that she feared for her life upon hearing the statements made by appellant. Such a fear for one's life clearly satisfies the element that the victim believes physical harm is imminent. The case sub judice
does not present this court with a situation where appellant uttered a conditional threat. On the contrary, testimony at trial indicated in no uncertain terms that appellant was going to kill Ms. Kergan. Appellant was near Ms. Petrosky's vehicle when these statements were made and therefore could have easily attacked and made good on his threats. It was only after Officer Lopez advised appellant a second time to return to the house that he retreated from his verbal assault.
Additionally, the trial court was presented with testimony of prior acts of violence by appellant towards Ms. Kergan which could be considered in determining whether the element in question had been established. Ms. Kergan testified regarding the incident which precipitated her moving out of the residence on the Friday prior to the offense for which appellant was convicted. (Tr. at 15-16). The record reveals that appellant returned to the house after a night of drinking and smashed Ms. Kergan's pager out of jealousy over the numbers contained on it. Appellant then allegedly pulled a knife on Ms. Kergan and threatened to kill her. While the police were called to the house, no charges were filed.
The trial court was permitted to utilize this evidence in addition to the testimony outlined above to determine that Ms. Kergan reasonably believed that physical harm was imminent. The prosecution elicited testimony which provided particularities as to time and place so as to permit reliance on the prior violent acts. Collie, supra. After reviewing the evidence in a light most favorable to the prosecution, this court concludes that it was reasonable for the trial court to conclude that the essential elements of the offense had been proven beyond a reasonable doubt.
Appellant's first assignment of error lacks merit.
 III. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads:
 "THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In his second assignment of error, appellant argues that his conviction was contrary to the weight of the evidence. In support of this position, appellant points to various portions of the record. For instance, appellant cites to his own testimony provided at trial which indicated that he did not make any of the statements which Ms. Kergan is alleging. Additionally, appellant reminds this court that Officer Lopez did not hear the content of any statements made by appellant on the date in question. This is argued to call into question the reliability of the allegations made by Ms. Kergan and Ms. Petrosky. Further, appellant asserts that even if he had made the statements to Ms. Kergan, such are not sufficient to create a belief in the victim that physical harm was imminent.
 A. APPLICABLE LAW
Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." State v. Clemons
(1998), 82 Ohio St.3d 438, 444 quoting State v. Thompkins (1997),78 Ohio St.3d 380, 387. Reviewing courts will not reverse a decision on manifest weight grounds unless after evaluating the record, weighing the record and the inferences that can be reasonably drawn therefrom, and considering the witnesses' credibility, the court determines that the trial court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Thompkins, supra quoting State v. Martin (1983), 20 Ohio App.3d 172,175. Only in exceptional cases where the evidence weighs heavily against the conviction should the court grant a new trial on manifest weight grounds. Id. In contrast to a sufficiency review, an appellate court, in deciding whether a conviction is against the manifest weight of the evidence, is not required to view the evidence in a light most favorable to the prosecution but rather should determine whether the prosecution has carried its burden of persuasion. Id. at 390.
Moreover, an appellate court must keep in mind that despite the above noted standard, the determination regarding witness credibility is primarily for the trier of fact. State v. Hill
(1996), 75 Ohio St.3d 195, 205 citing State v. DeHass (1967),10 Ohio St.2d 230, 231. The rationale behind this precedent is that the trier of fact occupies the optimal viewpoint for observing and assessing the demeanor of the witnesses as they testify.Myers v. Garson (1993), 66 Ohio St.3d 610, 615; Seasons Coal Co.,Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 B. ANALYSIS
A review of the record reveals that the case sub judice is not one of those exceptional cases anticipated by the Ohio Supreme Court in which the evidence weighs heavily against the conviction and thus warrants a new trial. On the contrary, the record contains significant credible evidence in support of the conviction
As discussed under appellant's first assignment of error, Ms. Kergan testified as to the content of appellant's statements as well as the effect they had on her. This testimony was corroborated by Ms. Petrosky who occupied the same vehicle as the victim. Ms. Petrosky indicated that Ms. Kergan was visibly shaken and upset by what appellant had said. While Officer Lopez did not hear what appellant had said to Ms. Kergan, he did testify that he saw appellant yelling into Ms. Petrosky's car after appellant had previously been advised to return to the house.
While appellant cites to his own testimony which indicates that no threats were made, such testimony is self-serving and therefore pales in comparison to the testimony which supports the conviction. The trial court clearly indicated in its judgement entry that it had weighed the credibility of the witnesses and had determined that a conviction on the domestic violence charge was proper. Therefore, faced with the fact that the greater amount of the evidence supports the conviction, this court will not substitute its judgment for that of the trial court. Appellant's second assignment of error is without merit.
For the foregoing reasons, the decision of the trial court is affirmed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 __________________________ JOSEPH J. VUKOVICH, JUDGE