OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Orphy Klempa, appeals the decision of the County Court, Eastern Division, Belmont County, Ohio which found him guilty of two counts of aggravated menacing in violation of R.C. 2903.21(A), first degree misdemeanors, and sentenced him accordingly. The four issues we must resolve are whether his conviction is supported by sufficient evidence, if it is against the manifest weight of the evidence, whether the trial court erred in admitting certain evidence, and whether Klempa's counsel was ineffective.
 {¶ 2} Although Klempa argues counsel was ineffective for not following his wishes, his arguments are more appropriate for post-conviction relief. Furthermore, his argument concerning the admissibility of certain evidence is meritless since his trial was a bench trial rather than a jury trial and trial courts are presumed to only consider relevant, material, and competent evidence. Klempa waived his sufficiency argument since he did not move for acquittal at any time during his trial. Finally, we conclude his conviction was not against the manifest weight of the evidence. Because Klempa's arguments are meritless, the trial court's decision is affirmed.
 Facts {¶ 3} Klempa was married, but he and his wife were in the process of getting a divorce. In May 2001, he was seeing Kim Darrah who was seven months pregnant with his child. In addition, he was calling Lynde Riggs, the daughter of Sheila Stewart.
 {¶ 4} On the night of May 7-8, 2001, Riggs was hanging out at the local park when Klempa arrived and the two began to talk. Darrah pulled up while the two were talking and began yelling and screaming. She thought Klempa and Riggs were seeing each other and was yelling at both of them. Riggs and Klempa told her they met for the first time that night. Eventually, Riggs left the argument and went back to her car. Darrah then got back into her car, tried to run over Klempa with that car, and left the park. Riggs followed her and eventually got Darrah to stop her vehicle. Riggs then tried telling Darrah once again that nothing was going on between her and Klempa.
 {¶ 5} While the girls were talking, Klempa drove up behind them. He got out of his car, pushed Riggs out of his way, and attacked Darrah, telling her not to try to run him over anymore. Riggs then tried pulling Klempa off of Darrah and Klempa pushed her down to the ground. Sometime after this Riggs left the scene, went home, and was taken to a hospital because of abrasions on her arm and hip.
 {¶ 6} The next morning, Darrah called Riggs to find out if Klempa had been lying to her. While the two were talking, Klempa started calling both of them, beeping in on their call waiting. Although Klempa was calm when he first called on the phone, he began to get more and more irate during the course of the conversation. Stewart heard Riggs on the phone and picked up another line to listen in on the conversation. Eventually, Klempa told Riggs he was going to blow her head off with a shotgun and told her he had a gun in his truck. Stewart then told him he could not talk to her daughter that way. He then threatened to blow her head off too. After hearing these threats, Stewart went to a neighbor's house to ask them to call the police. When the police did not come, one of the neighbors came over and listened to the conversation on the other line. She heard Klempa tell Riggs that he had a shotgun in his truck and would blow off the heads of both Stewart and Riggs. Soon after this, Stewart and Riggs went to the police station and swore out complaints against Klempa, and he was charged with two counts of aggravated menacing.
 {¶ 7} At the conclusion of a bench trial, the trial court found Klempa guilty on both counts of aggravated menacing. It then sentenced Klempa to identical sentences on each count: 90 days in jail with 60 days suspended, a fine plus costs, and ordered Klempa have no contact with either Riggs or Stewart. It is from this judgment that Klempa timely appeals.
 {¶ 8} Klempa argues three assignments of error on appeal. Because Klempa's second and third assignments of error deal with the evidence introduced at trial, we will address them before we addresses his first assignment of error, which deals with the weight and sufficiency of the evidence.
 Ineffective Assistance of Counsel {¶ 9} In his third assignment of error, Klempa asserts:
 {¶ 10} "The Appellant was deprived of his right to the effective assistance of counsel."
 {¶ 11} Klempa argues his counsel was ineffective for not requesting a jury trial and for not having his wife testify. In support of this assignment of error, Klempa attaches two affidavits to his brief as exhibits. But as we have recognized, exhibits attached to a brief are not part of the record and cannot be considered on appeal. State v.McDowell, 150 Ohio App.3d 413, 2002-Ohio-6712, ¶ 9. There is nothing in the record supporting Klempa's contention that he told counsel he wanted to demand a jury trial pursuant to Crim.R. 23(A) or that he wanted his wife to testify in his defense. Accordingly, these arguments are more appropriate for post-conviction proceedings. Klempa's third assignment of error is meritless.
 Evidence of Prior Conduct {¶ 12} In his second assignment of error, Klempa asserts:
 {¶ 13} "The court erred in permitting the introduction of evidence as to events occurring prior to the charged offense."
 {¶ 14} Klempa contends the physical injuries Riggs received prior to the phone call on May 8, 2001, and the phone calls which occurred prior to that date were irrelevant to whether he committed the offense of aggravated menacing on May 8, 2001. Thus, he argues the admission of that evidence prejudiced him and his conviction must be reversed.
 {¶ 15} As the State correctly argues, this assignment of error is meritless because the usual presumption is that in a bench trial in a criminal case the trial court considers only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary. State v. Post (1987), 32 Ohio St.3d 380, 384. "We trust that the trial judge, as the factfinder, would be able to sort out the irrelevant and prejudicial evidence from that which was probative and admissible." Stump v. Indus. Steeplejack Co. (1995), 104 Ohio App.3d 86,95.
 {¶ 16} At the close of Klempa's trial, the trial court indicated it did not consider the evidence Klempa complains of. It then stated the evidence it was relying on and did not mention the events on May 7, 2001, or Klempa's phone calls to Riggs prior to May 8, 2001. Thus, the record does not affirmatively demonstrate that the trial court considered this evidence, even if it was inadmissible. Accordingly, Klempa's second assignment of error is meritless.
 Insufficiency and Weight of the Evidence {¶ 17} In his first assignment of error, Klempa asserts:
 {¶ 18} "The trial court erred in reaching a verdict of guilty, in that there was insufficient evidence to find the Appellant guilty beyond a reasonable doubt and the trial court's guilty verdict was against the manifest weight of the evidence."
 {¶ 19} Klempa argues the evidence is contradictory because Darrah never heard the threats, Riggs and Stewart did not agree on the type of gun Klempa allegedly stated he had in his truck, they never tried to stop the threats by hanging up the phone which demonstrated they weren't scared, and the neighbor stated that Klempa was calm when he made the threats. Thus, he argues his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. The State argues that competent, credible evidence clearly supports the trial court's decision.
 {¶ 20} Although Klempa's assignment of error challenges both the sufficiency and weight of the evidence, we will only address his manifest weight argument. A defendant may not challenge the sufficiency of the evidence on appeal unless he moved for acquittal at trial. Akron v.Molyneaux (2001), 144 Ohio App.3d 421, 430. Klempa never moved for acquittal during the trial court's proceedings. Thus, Klempa has waived his sufficiency argument on appeal.
 {¶ 21} When reviewing whether a conviction was against the manifest weight of the evidence, appellate courts must "examine whether the evidence produced at trial `attains the high degree of probative force and certainty required of a criminal conviction.''" State v.Tibbetts (2001), 92 Ohio St.3d 146, 163, quoting State v. Getsy (1998),84 Ohio St.3d 180, 193. In order to do this, appellate courts must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the fact-finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. "`Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Emphasis sic.) State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. "To reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id. at paragraph four of the syllabus.
 {¶ 22} The Revised Code defines aggravated menacing as follows:
 {¶ 23} "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." R.C. 2903.21(A).
 {¶ 24} It is not an element of the offense of aggravated menacing that the offender either intends to carry out his or her threat or that he or she is even able to carry it out. Dayton v. Dunnigan (1995),103 Ohio App.3d 67, 71. Even a conditional threat can constitute a violation of the menacing laws. State v. Collie (1996),108 Ohio App.3d 580, 582. This is because it is the victim's subjective belief that the defendant will cause serious physical harm which is necessary to establish the crime of aggravated menacing. State v.McCleland (Mar. 7, 2002), 10th Dist. No. 01AP-630. Thus, a person can be convicted of aggravated menacing even though the person has not made any movement toward carrying out the threat. Id. at 583.
 {¶ 25} In this case, the trial court's decision finding Klempa guilty of aggravated menacing was not against the manifest weight of the evidence. For instance, Klempa argues the menacing could not have occurred since Darrah testified she did not hear Klempa make any threats against either Riggs or Stewart. But she acknowledged that she did not hear all of Klempa's conversation with Riggs and that Klempa could have made the threats when she wasn't on the phone.
 {¶ 26} Klempa next argues that the actions Riggs and Stewart took demonstrated they did not believe that Klempa would cause them serious physical harm. Specifically, he argues that Stewart allowed Riggs to keep talking to Klempa after Klempa made those threats. He argues that since they took no action to stop the alleged threats, then they could not have been afraid of those threats. But a review of the evidence demonstrates the opposite conclusion. After Klempa allegedly made the threats to Riggs and Stewart, Stewart went to her neighbor so she could call the police to get an independent party to listen to the conversation to confirm that the threats were being made. Surely, this would indicate she took the threats seriously. In addition, the neighbor who listened to the conversation testified that afterward Riggs was crying, upset, and shaking after the phone calls. Finally, the two immediately went to the police station after the phone calls to report Klempa's threats to the police. These actions all indicate the two believed that Klempa would follow through on his threats to cause serious physical harm to them.
 {¶ 27} Klempa also argues that the evidence indicates he did not make the threats because Riggs and Stewart's testimony concerning the kind of gun he said he had in his truck conflicted. Riggs testified that Klempa said he had a nine millimeter gun in his truck. In contrast, Stewart testified that Klempa said he had a .357 or 44 magnum in his car. On cross-examination, Klempa's attorney impeached Stewart because in her statement to the police made the same day she stated that Klempa said he had a nine millimeter gun in his truck. Stewart explained she did not know much about guns and what she said in her statement was a more accurate version of what she heard that day. Accordingly, it appears the evidence Klempa argues conflicts does not really conflict.
 {¶ 28} Finally, Klempa argues that the evidence conflicts because Riggs and Stewart testified that Klempa was screaming when he threatened them while the neighbor testified that he was calm when he threatened them. While this may be true, Riggs testified that Klempa threatened her at least five times and her mother twice. Therefore, the threats could have been made in a different tone of voice. More importantly, Riggs, Stewart, and the neighbor consistently testified that Klempa made the threats and were consistent in their description of those threats.
 {¶ 29} In short, the "inconsistencies" Klempa points to are either not inconsistencies or they are easily explained. Fundamentally, he fails to show how the State failed to prove each element of the claim. Accordingly, the trial court did not clearly lose its way when it found Klempa guilty of aggravated menacing. Klempa's first assignment of error is meritless.
 {¶ 30} Because each of Klempa's assignments of error are meritless, the trial court's decision is affirmed.
Judgment affirmed.
Waite, P, J., and Vukovich, J., concur.