OPINION
{¶ 1} Defendant-appellant Charles Shahan appeals his conviction and sentence from the New Philadelphia Municipal Court on one count of domestic violence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 13, 2004, a complaint was filed in the New Philadelphia Municipal Court charging appellant with domestic violence in violation of R.C. 2919.25(C). At his arraignment on the same day, appellant entered a plea of not guilty to the charge.
 {¶ 3} Thereafter, a bench trial was held on February 15, 2005. At the trial, Sharon Shahan, appellant's ex-wife, testified that appellant called her on September 12, 2004, and "was upset cause I stopped visitation" with their youngest son. Transcript at 6. According to Sharon Shahan, appellant left a message on Shahan's voice mail stating that he "was gonna fuck me up if I didn't allow him to see his son" by the weekend. Transcript at 8.[1] Although she did not think anything of it, Sharon Shahan called the police at the urging of her boyfriend. The following testimony was adduced when Sharon Shahan was asked what apprehension or fear the message caused her: "None. I would've blown it off and let him sleep it off. Like it states in there [Ms. Shahan's statement to police] it sounded like he had been drinking. He was in Dover, I was in Philly [New Philadelphia]. He doesn't drive. I wasn't worried about him showing up." Transcript at 11.
 {¶ 4} On cross-examination, Shahan testified that she did not believe that appellant was going to harm her and did not feel that she was in any danger. She further testified that she did not think appellant could have gotten to New Philadelphia.
 {¶ 5} At the bench trial, Officer Aaron Fulton of the New Philadelphia Police Department testified that he responded to an alleged domestic violence incident in New Philadelphia on September 12, 2004. The Officer testified that Sharon Shahan told him that she was fearful and also told him that appellant sometimes drove his sister's car. The following testimony was adduced when the officer was asked why he had Shahan come down to the police station:
 {¶ 6} "A. She felt that she was threatened, she was in fear. She told me that when Charles drinks that she is scared of him. She also told me that Charles does drive his sister's vehicle and he does not have a license so there was a chance for him to come to New Philadelphia." Transcript at 19. The officer made an audio copy of appellant's voice mail message, which was played at trial.
 {¶ 7} After the State rested, the defense called Sharon Shahan back to the witness stand. Shahan, when asked whether she had told Officer Fulton that she was in fear of appellant, testified that she "may have been at the time." Transcript at 21. Shahan indicated to the trial court that she was not afraid of appellant as of the time of the trial.
 {¶ 8} Appellant then took the stand in his own defense. While appellant admitted leaving a message on Sharon Shahan's voice mail, he denied threatening his ex-wife with physical harm or violence during the same. When asked what he meant by the language he used, appellant testified that he meant that he "was going to seek an attorney and pursue with custody." Transcript at 24. Appellant further testified that he did not know where Sharon Shahan lived when he left the message, that he did not own a vehicle since his driver's license was suspended, and that, on September 12, 2004, he had no means of transportation.
 {¶ 9} At the conclusion of the evidence, the trial court found appellant guilty of domestic violence. As memorialized in a Judgment Entry filed on May 25, 2005, appellant was sentenced to thirty (30) days in jail. Appellant also was ordered to pay a $50.00 domestic violence fee and to pay court costs.
 {¶ 10} Appellant now raises the following assignments of error on appeal:
 {¶ 11} "I. STATE FAILED TO PROVE THE DEFENDANT GUILTY OF A VIOLATION OF O.R.C. 2919.25(C) BECAUSE THE STATE DID NOT PROVE AN ESSENTIAL ELEMENT THAT THE ALLEGED VICTIM BELIEVED THAT PHYSICAL HARM WAS IMMINENT.
 {¶ 12} "II. THE CONVICTION OF THE DEFENDANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 13} "III. THE DEFENDANTS UTTERING A CONDITIONAL THREAT, IS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION FOR DOMESTIC VIOLENCE."
 I, II, III {¶ 14} Appellant, in his three assignments of error, argues that his conviction for domestic violence is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 15} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also State v.Thompkins, 78 Ohio St.3d 380, 678 N.E.2d 541, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 16} Appellant was convicted of one count of domestic violence in violation of R.C. 2919.25(C). Such section states as follows: "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." (Emphasis added.) "Imminent" is defined in State v. Collie
(1996), 108 Ohio App.3d 580, 671 N.E.2d 338, as "threatening to occur immediately." Id. at 583, 671 N.E.2d 338, quoting Webster's Second International Dictionary (1959), 1245.
 {¶ 17} Appellant specifically argues that the State failed to establish that appellant caused Sharon Shahan, his ex-wife, to believe that he would cause her imminent harm. Appellant also maintains that the conditional threat he left on Shahan's voice mail is legally insufficient to support a domestic violence conviction.
 {¶ 18} As is stated above, at the bench trial in this matter, Officer Fulton testified that Sharon Shahan told him that she felt threatened by appellant's message and was fearful, that she was scared of appellant when he was drinking[2] and that appellant had access to his sister's car. Appellant and Sharon Shahan, his ex-wife, lived in neighboring communities. When called by the defense, Shahan admitted that she might have told the officer that she was in fear of her ex-husband. Clearly, there was evidence that Sharon Shahan was in fear of imminent physical harm. The trial court, as trier of fact, was in the best position to assess the credibility of the witnesses.
 {¶ 19} We agree with appellant that, generally, a conditional threat, standing alone, is insufficient to satisfy the element of imminent physical harm. See Collie, supra. However, a conditional threat along with other circumstances, including the victim's state of mind, may sufficiently establish such element. See City of Jackson v. Adams (Nov. 8, 2001), Jackson App. No. 01CA2, 2001 WL 1468859, citing to State v. Drake (1999),135 Ohio App.3d 507, 510, 734 N.E.2d 865. In the case sub judice, there was evidence adduced at trial that appellant was drunk when he left the message and that appellant had access to his sister's vehicle. Furthermore, there was evidence that Sharon Shahan was fearful of appellant and, for such reason, she called the police rather than left appellant sleep it off. We find, based on the foregoing, that there was evidence from which the trial court could reasonably have concluded that appellant could carry out his threat and had the immediate means to do so.
 {¶ 20} In short, upon our review of the record, we find that sufficient evidence supports appellant's conviction for domestic violence and that his conviction is not against the manifest weight of the evidence.
 {¶ 21} Based on the foregoing, appellant's three assignments of error are overruled.
 {¶ 22} Accordingly, the judgment of the New Philadelphia Municipal Court is affirmed.
Edwards, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court is affirmed. Costs assessed to appellant.
[1] Sharon Shahan, in her statement to the police, indicated that appellant said he was going to "cold cock" her.
[2] The trial court, at the conclusion of the trial, indicated on the record that "it does not sound like its [the voice mail message] being said by someone who is extremely lucid, . . ." Transcript at 31. An audiotape of the voice mail message was admitted into evidence.