DECISION AND JUDGMENT ENTRY
{¶ 1} Kathy Klickner appeals her misdemeanor aggravated menacing conviction following a bench trial in the Adams County Court. On appeal, Klickner contends that insufficient evidence supports her conviction. Because, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of aggravated menacing proven beyond a reasonable doubt, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The State filed complaints against Klickner charging her with (1) aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first *Page 2 
degree, and (2) resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. Klickner entered not guilty pleas and the cases proceeded to a bench trial.
 A. State's Version of the Facts at Trial {¶ 3} Amy Mefford ("victim") testified against her husband in another case. After the victim had left her abusive husband, the State charged the victim's husband with assault against another male. During the victim's testimony, Klickner gave the victim "evil looks" and conversed with the victim's husband.
 {¶ 4} After the assault hearing, Klickner approached the victim's husband and said, "[D]on't worry about it, I'll take care of it." Shortly, right outside the courtroom, the victim and Klickner briefly crossed paths. Klickner confronted the victim and said, "I'm gonna get you bitch." Victim said that Klickner's statement caused her to be afraid of physical harm, especially because she did not even know who Klickner was at the time.
 {¶ 5} The victim instantly approached two officers about the incident. One of the officers immediately confronted Klickner and asked her whether or not she told the victim, "I'm gonna get you bitch." At first, Klickner denied making the statement. However, after further questioning, she eventually admitted making the statement.
 B. Klickner's Crim. R. 29 Motion For Acquittal {¶ 6} At the end of the State's case-in-chief, Klickner moved the court, pursuant to Crim. R. 29, to acquit her of the aggravating menacing offense based *Page 3 
on insufficient evidence. The court overruled her motion. Klickner did not present any evidence to the court.
 C. Court Verdict, Sentencing, Appeal {¶ 7} The court found Klickner guilty of both the aggravated menacing and resisting arrest charges. The court sentenced Klickner accordingly.
 {¶ 8} Klickner appeals her aggravated menacing conviction and asserts the following assignment of error: "The trial court erred in failing to grant Ms. Klickner's Crim. R. 29 motion for judgment of acquittal, regarding the count of aggravated menacing, and in entering a judgment of conviction."
 II. {¶ 9} Klickner contends in her sole assignment of error that the evidence is insufficient to support her aggravated menacing conviction because the State failed to present evidence to show a threat of serious physical harm.
 {¶ 10} The function of an appellate court, when reviewing a case to determine if the record contains sufficient evidence to support a criminal conviction, "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Smith, Pickaway App. No. 06CA7, 2007-Ohio-502, ¶ 33, citingState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319. *Page 4 
 {¶ 11} The sufficiency of the evidence test "raises a question of law and does not allow us to weigh the evidence." Smith at ¶ 34, citingState v. Martin (1983), 20 Ohio App.3d 172, 175. Instead, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Smith, at ¶ 34, citing Jackson, 443 U.S. at 319. This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." Smith, at ¶ 34, citing State v. Thomas (1982), 70 Ohio St.2d 79, 79-80; State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 12} The aggravated menacing offense in question is set forth in R.C. 2903.21(A), which in relevant part states, "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person[.]"
 {¶ 13} The crux of Klickner's contention is that the State failed to produce any evidence showing the threat of "serious physical harm."
 {¶ 14} The term "serious physical harm" is defined in R.C. 2901.01(A)(5) as "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment; (b) Any physical harm that carries a substantial risk of death; (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity; (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement; (e) Any *Page 5 
physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 15} Conditional threats and/or future threats "can constitute a violation of menacing laws." State v. Ali, 156 Ohio App.3d 493,2003-Ohio-5150, ¶ 26, citing State v. Lewis (Aug. 22, 1997), 11th Dist. No. 96-P-0272, 1997 WL 589914; State v. Collie (1996),108 Ohio App.3d 580; W. Lafayette v. Deeds (Oct. 23, 1996), 5th Dist. No. 96CA3,1996 WL 752778. Thus, "menacing can encompass a present state of fear of bodily harm and a fear of bodily harm in the future." Id., citing Deeds;Lewis. The State also need not "prove that the offender is able to carry out the threat or even that the offender intended to carry out the threat." Id. at ¶ 27. Further, "sufficiency of the threat is a factual question reserved for the trier of fact." Id. at ¶ 28, citing Dayton v.Dunnigan (1995), 103 Ohio App.3d 67.
 {¶ 16} Here, the threat made to the Victim was "I'm gonna get you, bitch." In State v. Newland, Montgomery App. No. 19244, 2002-Ohio-5132, ¶¶ 11-12, the court considered a similar statement and found that it constituted a threat of serious physical harm.
 {¶ 17} In Newland, a few weeks after a prior confrontation (when the female complainant was with the defendant's husband), the defendant followed complainant around a mall and back to complainant's mother's house. When complainant got out of her vehicle, defendant slowed her vehicle to within 500 feet of complainant and yelled to complainant, "I'm going to get you bitch! Bitch, I'm a [sic] get you!" As a result, complainant believed that defendant was going *Page 6 
to harm her. The Newland court held that the defendant committed an act "that could constitute aggravated menacing." Id. at ¶ 12.
 {¶ 18} Here, the victim's husband had previously abused her. When the victim left him and stayed with another man, her husband broke into the home and assaulted the man. The victim testified against her abusive husband. During her testimony, her husband began talking back and forth with Klickner in the courtroom. Klickner glared at the victim and gave her evil looks throughout the testimony. Klickner then confronted the victim just outside the courtroom and said to her, "I'm gonna get you bitch." The victim testified that, based on the circumstances and the comments, she was afraid of Klickner and believed that Klickner would harm her. Therefore, we find that the circumstances in this case are similar to circumstances in the Newland case.
 {¶ 19} We understand that several reasonable inferences can be made from the statement, "I'm gonna get you bitch." However, under our standard of review, we must construe the evidence in favor of the State. Based on the circumstances of this case, and construing the statement in favor of the State, we find that one of the reasonable inferences of the statement constitutes a threat of serious physical harm.
 {¶ 20} Consequently, after viewing the evidence in a light most favorable to the State, we find that any rational trier of fact could have found the essential elements of aggravated menacing proven beyond a reasonable doubt.
 {¶ 21} Accordingly, we overrule Klickner's sole assignment of error and affirm the judgment of the trial court. *Page 7 
 JUDGMENT AFFIRMED. *Page 8