[Cite as *State v. Cottrill*, 2023-Ohio-600.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2022 CA 00052 |
| CHRISTOPHER COTTRILL | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:          Appeal from the Canton Municipal Court,
                                   Case No. 2022 CRB 00862

JUDGMENT:                          Affirmed

DATE OF JUDGMENT ENTRY:            February 28, 2023

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JASON P. REESE                        D. COLEMAN BOND
Canton Law Director                   116 Cleveland Avenue, N.W.
                                      Suite #600
KATIE M. ERCHICK GILBERT              Canton, Ohio 44702
Canton City Prosecutor

KRISTINA M. LOCKWOOD
Chief Assistant Prosecutor
218 Cleveland Avenue, S.W.
Canton, Ohio 44702

*Hoffman, P.J.*

{¶1}　Defendant-appellant Christopher Cottrill appeals the judgment entered by the Canton Municipal Court convicting him, following jury trial, of domestic violence (R.C. 2919.25(C)) and sentencing him to forty days in jail.　Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}　On February 18, 2022, Appellant's wife (hereinafter "victim") served Appellant with divorce papers.　Appellant did not believe in divorce.　Appellant shredded the papers and told the victim the divorce was not going to happen.　Appellant told the victim he would rather take them both out than go through a divorce.　At the time Appellant made this statement, the couple was in the living room, where Appellant had access to a loaded gun.　Appellant took the victim's phone and she did not have a car of her own because Appellant sold her car after they were married.　Although she feared for the safety of herself and her young son, she was unable to leave the house the night he made the threat.

{¶3}　The next day the victim took her son and went to her aunt's house, where she called the police.　Officer Richard Zeren responded to the call.　The officer believed the victim had a real fear she was in danger from Appellant.

{¶4}　After Appellant was arrested, the victim called Canton police officers to remove Appellant's guns from the home.　Officers removed a loaded shotgun from the living room and a pellet gun from elsewhere in the residence.

{¶5}　Appellant was charged with one count of domestic violence with specifications of two prior convictions of domestic violence.　The case proceeded to jury trial in the Canton Municipal Court.　Appellant was found guilty. The trial court sentenced

Appellant to 40 days in jail with credit for 29 days served, and placed Appellant on probation for two years.

{¶6} It is from the March 24, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE APPELLANT FOR THE OFFENSE OF DOMESTIC VIOLENCE IN VIOLATION OF R.C. 2919.25(C)(D)(4).

II. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED, AND MUST BE REVERSED.

III. THE APPELLANT WAS DENIED A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT.

I., II.

{¶7} Appellant argues the judgment was against the sufficiency and manifest weight of the evidence because there was no evidence the threat to the victim was imminent, and further the jury lost its way because of the introduction of improper character evidence; specifically, Appellant had a prior felony conviction and was not permitted to own guns.

{¶8} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶9}   In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' "  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶10} Appellant was convicted of domestic violence in violation of R.C. 2919.25(C),  which provides, "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."

{¶11} Appellant cites *State v. Collie,* 108 Ohio App.3d 580, 671 N.E.2d 338 (1996), in support of his argument the threat of harm to the victim was not imminent because the threat was contingent on following through with the divorce.  In *Collie,* the defendant told the victim, "If I had a gun, I would shoot you."  The court held the statement was a conditional threat, and the State failed to meet its burden of demonstrating the victim had a belief this threat was imminent.  *Id.* at 584.

{¶12} We find the evidence in the instant case was sufficient to demonstrate the victim believed the threat was imminent.  While Appellant attempts to argue the threat was conditioned on the victim following through with the divorce, we find her testimony she served Appellant with divorce papers on the date in question, and his response he

would "take them both out" rather than go through a divorce, for which he had just been served papers, is sufficient to demonstrate the threat of harm was imminent. There was evidence Appellant made this threat in the living room, where a loaded shotgun was accessible to Appellant. Although the victim did not leave the home the night Appellant made the threat, she testified she feared she and her son were in danger. However, she testified Appellant had taken her phone and her car, making it impossible to leave. The victim left the next morning and went to her aunt's house, where she called the police. In addition, Officer Zeren testified based on his experience, he believed the victim's fear she was in danger was real. We find this evidence sufficient to demonstrate the victim believed Appellant would cause imminent physical harm to her, and the jury did not lose its way in so concluding.

{¶13} Appellant also argues the jury lost its way due to the introduction of improper character evidence he was a convicted felon. Appellant has failed to separately assign the admission of his prior felony conviction into evidence as error. Further, the document demonstrating the prior felony conviction was admitted into evidence without objection by Appellant. Appellant requested only that a proper limiting instruction be given concerning the jury's use of the prior convictions.[1]

{¶14} Further, Appellant used the evidence of his prior felony conviction as evidence he could not legally own a firearm to support his theory of the case. In opening statement, Appellant argued to the jury the victim was motivated by a desire to get rid of Appellant and send him to jail. Before the State inquired about whether a convicted felon

---

[1] Although the parties stipulated to the prior convictions, the exact terms of the stipulation are not a part of the record before this Court on appeal. It appears from Appellant's failure to object to the admission of the documents the stipulation may have gone solely to the admission of the past convictions without the need to present evidence to authenticate the documents.

could own a weapon, counsel for Appellant elicited testimony the victim asked the officers who removed the guns from the house if Appellant would do more jail time because the weapon was loaded. On cross-examination of the victim, counsel elicited testimony she made sure the police knew Appellant had a felony conviction. In closing argument, after the State argued the fact Appellant could not legally possess a firearm supported its claim the victim's fear of harm was imminent, counsel for Appellant argued:

> She tells 'em again, "I—I called about the guns on Saturday." Why always the guns? 'Cuz she knows that he's a convicted felon and he's not supposed to have a gun. She asked the officer if these, the bullets, will count toward him. What's she saying? She wants him to go away longer. She even says to the officer before she leaves it will give her a chance to go back to the house.

**{¶15}** Tr. 160.

**{¶16}** We find the jury did not lose its way by consideration of evidence, admitted without objection, Appellant was a convicted felon, and the judgment is not against the manifest weight of the evidence.

**{¶17}** The first and second assignments of error are overruled.

III.

**{¶18}** In his third assignment of error, Appellant argues the prosecutor committed misconduct by introducing evidence Appellant was a convicted felon and as such, was not permitted to own a firearm.

**{¶19}** When reviewing a claim of prosecutorial misconduct, the relevant question is whether the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), *quoting Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). To answer this question, we consider whether the conduct was improper and whether it prejudicially affected the defendant's substantial rights. *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 243. In evaluating prejudice, we review the effect of the misconduct on the jury in the context of the entire trial. *State v. Keenan*, 66 Ohio St.3d 402, 410, 613 N.E.2d 203 (1993).

**{¶20}** Again, we note Appellant has not assigned error to the admission of the evidence Appellant had a prior felony conviction, and the accompanying testimony as a convicted felon he was not permitted to own a firearm.  Appellant argues based on the stipulation of the prior convictions, the State did not need to admit into evidence the document demonstrating he was a convicted felon.  However, Appellant did not object to its admission into evidence.  Further, the terms of the stipulation are not apparent from the record, and therefore we cannot determine if the parties stipulated to the fact of the convictions without admission of the documents demonstrating the conviction, or stipulated solely to admission of the documents without evidence authenticating the documents.

**{¶21}** Further, as discussed earlier in this opinion, Appellant's theory of the case was the victim was lying in order to send Appellant to jail as long as possible.  In support of this theory, Appellant argued the victim made sure police knew Appellant possessed guns with a prior felony conviction.  Therefore, even were we to find prosecutorial

misconduct, we find Appellant has not demonstrated prejudice in the context of the entire trial.

**{¶22}** The third assignment of error is overruled.

**{¶23}** The judgment of the Canton Municipal Court is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur