**The STATE of Ohio**

v.

**JOHNSON.**

Hamilton County Municipal Court.

No. 94CRB19638.

Decided Nov. 18, 1994.

*Chad C. Warwick,* Assistant City Prosecutor, Cincinnati Prosecutor's Office, for the plaintiff.

*Charles H. Bartlett, Jr.,* for the defendant.

TIMOTHY S. BLACK, Judge.

This matter came on for trial to the court upon the state's charge that on June 17, 1994, defendant Martin Johnson committed the crime of domestic violence against his former spouse in derogation of Ohio criminal law, R.C. 2919.25.

The state called the alleged victim, Ms. Robin Johnson, as its first witness, and she testified that the defendant had threatened her twice, first stating to her by phone: "[D]on't let me have to kill you"; and soon thereafter arriving at her place of employment and threatening in person to "fuck you and your boyfriend up"; and, promptly thereafter, following through on the threat by punching the victim's boyfriend in the mouth as he moved to intervene.[1]

As to the domestic violence case, upon the direct testimony of this victim at trial, the court granted the state leave to amend the complaint to assert a violation of R.C. 2919.25(C), *i.e.,* a threat, not an assault, thereby reducing the instant charge to a fourth degree misdemeanor.

The state then moved to introduce into evidence the fact of this defendant's having had a prior conviction in 1990 for felonious assault against this victim, as well as four prior convictions in 1989–1990 for domestic violence cases involving this same victim. The state sought to introduce these matters as proof of an element of the crime of a domestic violence threat, to wit, the victim's rational fear of imminent bodily harm arising out of the threat, see R.C. 2919.25(C), and evidence of the defendant's intent, motive, and lack of mistake. See Evid.R. 404(B).

A defendant's prior convictions for crimes of violence against the same victim are admissible in domestic violence threat cases as proof of an element of

---

1. The assault case is not before this court at this time.

the crime charged. See R.C. 2919.25(C); see, also, *State v. Schwartz* (1991), 77 Ohio App.3d 484, 487, 602 N.E.2d 671, 673.[2]

Moreover, prior bad acts by a defendant against the same victim are also admissible in domestic violence cases to prove the defendant's intent, motive, and/or absence of mistake or accident. Evid.R. 404(B); see, generally, *State v. Anderson* (July 21, 1993), Hamilton App. No. C–920733, unreported, 1993 WL 271005; *State v. Davis* (1991), 62 Ohio St.3d 326, 581 N.E.2d 1362. Accordingly, in the instant case, the court admitted into evidence the facts of defendant Johnson's five prior criminal convictions for violence against his former spouse, whereupon the state rested.

■ Johnson presented three witnesses in defense.

The first witness was a worker who overheard raised voices in the parking lot but did not hear any specific threat uttered by the defendant. The probative value of this failure to hear a threat is not especially compelling.

The testimony of Johnson's two other witnesses was wholly directed toward the chief defense that the victim had no fear of imminent physical harm at the time of the alleged threats. To prove this assertion, each witness testified about the victim's contacts with the defendant *after* the filing of the instant criminal charges, apparently endeavoring to show that the witness had no fear of the defendant. The probative value of this after-the-fact evidence on the narrow issue of whether the victim rationally feared harm at the discrete time of the original threats is minimal.

■ Generally speaking, threat cases are challenging to prove because usually there are no witnesses to the actual threat, other than the perpetrator and the victim. Proof must therefore be supplemented through circumstantial evidence. The law, of course, recognizes no difference in the weight to be given direct and circumstantial evidence. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

Here, the direct evidence and circumstantial evidence compel an obvious conclusion. The defendant arrived at a volatile situation, allegedly having threatened the victim by phone shortly beforehand not to "let me have to kill you." Upon arrival at the scene, defendant exits his vehicle, approaches the victim rapidly, and addresses her forcefully, whereupon the victim's boyfriend

---

**2.** "Prior acts of violence between the defendant and the victim were relevant and highly probative in establishing the victim's 'belief' of impending serious harm." *Id.*, citing *State v. Warren* (Dec. 31, 1990), Stark App. No. CA–8258, unreported, 1990 WL 237478; *State v. Clements* (Feb. 15, 1989), Wayne App. No. CA–2407, unreported, 1989 WL 11807.

moves to intervene and is punched in the mouth. The assault aside,[3] the obvious inferences to be drawn about the domestic violence case are that the defendant threatened to harm the victim and that she rationally feared imminent physical harm from him.

Accordingly, and upon the evidence presented, the court finds beyond a reasonable doubt that the defendant credibly threatened to harm the victim seriously on two separate occasions, the final threat being uttered seconds before the defendant punched the victim's boyfriend in the mouth.

Wherefore, the court adjudges the defendant guilty of committing the crime of domestic violence against his former spouse by threatening her, in violation of R.C. 2919.25(C). Defendant is sentenced as appears of record toward the primary end of establishing safety for the victim.

*So ordered.*

---

**3.** Because this judge now has knowledge of facts relevant to the assault case pending against Johnson, as gleaned through trial of this domestic violence case, trial of the assault case shall be assigned to another judge of this court. See Canon 2(C)(1)(a) of the Code of Judicial Conduct.