**The STATE of Ohio**

v.

**TAYLOR.**

Hamilton County Municipal Court, Ohio.

No. 95CRB26871.

Decided July 10, 1996.

*Evelyne Martial,* Cincinnati Assistant City Prosecutor, for plaintiff.

*Elizabeth R. Murray,* for defendant.

TIMOTHY S. BLACK, Judge.

This criminal case having come on for trial on May 21, 1996 and June 26, 1996, the court hereby enters its judgment upon the evidence and the law.

At trial, the state alleged that on July 15, 1995, defendant David Taylor committed the crime of domestic violence in derogation of R.C. 2919.25, by threatening his wife. Consistent therewith, the prosecuting witness, Loyce Taylor, testified that on such date, her estranged husband, defendant David Taylor, came to her place of part-time employment, Candyland, whereupon he confronted her, threatened her, pushed her, swung his fist at her, and threatened her further. Two additional witnesses for the state testified to their presence and observations at the turbulent event.

After the state rested, the defense requested a continuance of the trial in progress so as to secure the appearance of a witness for the defense. The court granted defendant's request, and the matter was duly continued. Upon the new date for trial, the defendant elected simply to rest.

The state then moved to amend the complaint to conform it to the evidence at trial so as to state an alleged violation of R.C. 2919.25(C), *i.e.,* a misdemeanor of the fourth degree.

Originally, at arraignment, the presiding judge amended the journal entry by interlineation so as specify that the offense alleged in the complaint was an

"M–4" pursuant to "2919.25(C)." Defendant apparently waived service of an amended charging instrument,[1] and the matter was set for adjudication.

Upon the state's motion after trial, the court conformed the record as to the original amendment at arraignment by writing on the journal entry "amend complaint to 2919.25(C) to conform to evidence at trial." The court again offered defendant a continuance to prepare a defense, if desired, which opportunity defendant again waived and rested.

■ Desiring to consider the evidence over time, and to review the applicable law, the court took the case under consideration for decision, with defendant's bond conditioned upon his having no contact whatsoever with his wife.[2]

In considering domestic violence threat cases, the Hamilton County Municipal Court is now directed by the local appellate decision rendered in *State v. Collie* (1996), 108 Ohio App.3d 580, 671 N.E.2d 338. While the primary, salutary effect of *Collie* is to establish ground rules for the admission of a defendant's prior bad acts in domestic violence threat cases, *Collie* also instructs as to the threshold issue of conditional threats.

Here, the prosecuting witness testified that the defendant made the following threats (in chronological order).

1. "I'm going to fuck you up, bitch."

2. "You're going to jail, or I'm going to kill your ass."

3. "You fucking around on me, and I know you fucking around on me, and I'm going to get your ass killed." (The prosecuting witness also testified that

---

1. On the date set for decision, the court inquired of defense counsel on the record whether the defendant waived service of a new charging instrument, which waiver defendant affirmed.

   Waiver of service of the new charging instrument is important. Notwithstanding *State v. Lee* (1995), 73 Ohio Misc.2d 9, 657 N.E.2d 604, and *State v. Johnson* (1994), 73 Ohio Misc.2d 1, 657 N.E.2d 383, which are now to be construed in line with the instant case, the trial court cannot amend an alleged violation of R.C. 2919.25(A) or (B) to state an alleged violation of R.C. 2919.25(C) pursuant to Crim.R. 7(D), unless defendant waives service of a new charging instrument. *State v. Rihm* (1995), 101 Ohio App.3d 626, 656 N.E.2d 372; *Middletown v. Blevins* (1987), 35 Ohio App.3d 65, 519 N.E.2d 846.

   From a defense perspective, before trial commences, the waiving of service of a new charging instrument, and, therefore, re-arrest and re-arraignment, usually makes eminent sense, as here, and especially when the net result is the reduction in the offense alleged from a misdemeanor of the first degree to a misdemeanor of the fourth degree.

   Here, the waiver of the service of a new charging instrument comported with the reality of this case, whereunder the defendant and his attorney knew that the offense alleged was pursuant to R.C. 2919.25(C). See *State v. Cook* (1987), 35 Ohio App.3d 20, 23, 519 N.E.2d 419, 421–422.

2. Continuing a domestic violence case for decision also continues in effect the temporary protection order issued by the court at arraignment barring defendant from having any contact with the prosecuting witness pending adjudication.

immediately after threatening that "I'm going to get your ass killed," the defendant "pushed" her and "went to swing, but didn't connect."); and

4. "I ain't got no shit on me now, but I'll be back. I'm going to get—I'm going to call 241–KIDS. I'm going to get you fucked up, and then I'll be back. If your ass is here, I'll be packing." (This alleged threat is consistent with Loyce Taylor's affidavit wherein she originally alleged that the defendant "threatened if I don't leave and if I come back he would be back and he would be armed.")

The prosecuting witness also testified that she believed that when defendant threatened to "fuck her up," she believed he meant that he was going to hurt her. She further testified that she believed that her husband meant that he would come back with a gun and shoot her, when he threatened that when he came back, he would be packing.

Upon this evidence, defendant argues that under *State v. Collie, supra,* none of these threats is actionable under the domestic violence statute, R.C. 2919.25(C).

A conditional threat can constitute a violation of the menacing laws because, generally, under the menacing laws, the state does not need to prove the accused's ability to carry out the threat or any movement toward carrying it out. *State v. Collie, supra,* 108 Ohio App.3d at 582–583, 671 N.E.2d at 340. Here, however, because defendant Taylor was charged under the domestic violence statute, the state must prove as an essential element of the crime the belief of the family member that the offender will cause imminent physical harm. See R.C. 2929.25(C). "Imminent" is defined as "threatening to occur immediately." *State v. Collie, supra,* 108 Ohio App.3d at 583, 671 N.E.2d at 340 (citing Webster's Second International Dictionary [1959] 1245).

A close analysis of the law, however, does *not* establish an absolute requirement that to sustain a domestic violence threat conviction, the state must prove the accused's ability to carry out the threat imminently and/or movement toward carrying it out. Instead, *the critical inquiry is whether or not the proof fully evidences a reasonable belief by the victim that the accused will cause imminent physical harm. State v. Collie, supra;* see, also, *State v. Lee* (1995), 73 Ohio Misc.2d 9, 657 N.E.2d 604; *State v. Johnson* (1994), 73 Ohio Misc.2d 1, 657 N.E.2d 383.

Here, Loyce Taylor's belief that the defendant would cause imminent physical harm was substantiated by his having pushed her and swung at her after issuing his initial threats and before spouting his final threat. Her belief was further fueled by the very circumstances of the turbulent event, occurring in the presence of a crowd, and accentuated by the highly charged, personal nature of

the confrontation.[3] That the defendant would have had to go get a gun and return to the scene to effectuate his final threat does not negate the imminence of his first threat simply to "fuck her up." Moreover, it was this first threat that Loyce Taylor testified caused her to believe that defendant was going to harm her.

The trial court being convinced beyond a reasonable doubt that Loyce Taylor reasonably feared imminent physical harm from defendant when he confronted her at Candyland, it is the judgment of the court that defendant Taylor is guilty of domestic violence in derogation of R.C. 2919.25(C).[4]

Toward the primary ends of ensuring the victim's safety and holding the defendant accountable, David Taylor is sentenced as appears of record.

SO ORDERED.

*Judgment accordingly.*

---

3. The tell-tale evidence which carried the day as to proof that the alleged threats no doubt emanated is memorialized in the testimony of the other witness, whom the defendant confronted *before* he confronted his wife, to wit: "[A.] * * * David walked up on us * * * and he asked me was I fucking his wife. [Q.] Mr. Taylor said that to you? [A.] Yes. [Q.] What was your response? [A.] I told him to ask her."

4. *State v. Collie, supra,* is not in conflict, as the appellate court did not hold that conditional threats are not actionable under the domestic violence statute. Quite the contrary, the appellate court opines in *Collie* that the conditional threat, "if I had a gun, I'd shoot you," might well have been actionable if coupled with admissible evidence of the victim's belief that harm was imminent. *Id.,* 108 Ohio App.3d at 582, 671 N.E.2d at 339.