[Cite as *State v. Pash*, 2010-Ohio-1267.]

**IN THE COURT OF APPEALS OF OHIO**
**THIRD APPELLATE DISTRICT**
**MERCER COUNTY**

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO.  10-09-13

    v.

JOHN M. PASH,                            O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Celina Municipal Court
Trial Court No. 09CRB00198

**Judgment Affirmed**

Date of Decision:  March 29, 2010

APPEARANCES:

    *Donna M. Post*  for Appellant

    *Kevin M. McKirnan*  for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant John M. Pash ("Pash") appeals the August 3, 2009 Judgment Entry of the Celina Municipal Court convicting and sentencing him for a charge of Domestic Violence in violation of R.C. 2919.25(C).

{¶2} Pash and Paula Ybarra ("Paula") began their relationship shortly before Thanksgiving of 2008. Around Christmas of that year, Pash moved into Paula's home located in Coldwater, Ohio. Pash continued to live with Paula until early March of 2009. On March 4, 2009, Paula filed a complaint with the Coldwater Police Department alleging that Pash told Paula "I will kill you." Paula alleged that Pash made this threat on March 3, 2009[1] in response to Paula's demand that Pash move out. The complaint further alleged that Pash's statement caused Paula to believe that Pash would commit imminent physical harm to her.

{¶3} The case proceeded to trial on July 24, 2009. During the proceedings, Paula testified that she and Pash had maintained a sexual relationship and that Pash had made repeated promises to marry her. Paula further testified that Pash quit his job two weeks after they met and as a result, she supported Pash during the three months that he lived in her home. Paula stated that in addition to

---

[1] The complaint states that the incident occurred on March 4, 2009. However, the testimony elicited at trial stated that Pash moved out prior to this date. Further testimony revealed that the incident in question occurred either on March 2 or March 3, 2009. In its Judgment Entry, the trial court found that the testimony concerning the date of the incident was "close enough to permit the State to proceed and not [] detrimental to Mr. Pash in his defense."

paying all the household bills, she also paid Pash's child support to prevent him from going to jail.

**{¶4}** Paula further testified that during the incident in question, she and Pash were in the midst of an argument when Pash stated to Paula that she would be "very sorry" if she forced him to move out. Paula stated that during this incident Pash repeatedly threatened that he would kill her if she made him leave. Paula testified that Pash's threat caused her to fear for her life and prompted her to file the complaint in this case. Pash also testified admitting that he lived with Paula, but denying that they maintained a sexual relationship or that he ever made any threats to Paula.

**{¶5}** Based on the testimony elicited at trial, the trial court found Pash guilty of Domestic Violence in violation of R.C. 2919.25(C) which states, in pertinent part:

> **No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.**

**{¶6}** Pash appeals now appeals to this Court asserting two assignments of error.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF DOMESTIC VIOLENCE PURSUANT TO SECTION 2919.25(C) AS THE CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF DOMESTIC VIOLENCE PURSUANT TO SECTION 2919.25(C) AS THE APPELLANT DID NOT COHABITATE WITH THE VICTIM**

{¶7} For ease of discussion, we elect to discuss the assignments of error out of order.

### *The Second Assignment of Error*

{¶8} In his second assignment of error, Pash asserts that the trial court erred in finding him guilty of Domestic Violence in violation of R.C. 2919.25(C) because Paula was not a family or household member which is an essential element of the offense. Specifically, Pash argues that he and Paula did not cohabitate and therefore, Pash cannot be convicted under the statute.

{¶9} Revised Code Section 2919.25 defines family or household member as "a person living as a spouse * * * who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." See R.C. 2919.25(F)(1)(a)(i), (2). Although the statute does not define "cohabitation," the Supreme Court of Ohio has construed the statutory term to be comprised of two essential elements "(1) [the] sharing of familial or financial responsibilities and (2) consortium." See *State v. Carswell*, 114 Ohio St.3d 210, 216, 2007-Ohio-3723, 871 N.E.2d 547 quoting *State v. Williams*, 79 Ohio St.3d

459, 683 N.E.2d 1126, paragraph two of the syllabus. The *Williams* Court further elaborated on possible factors establishing each essential element. (1) Shared familial or financial responsibilities may include: provisions for shelter, food, clothing, utilities, and/or commingled assets; (2) consortium may include: mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations. *Williams*, 79 Ohio St.3d at 465.

{¶10} A trial court's determination of whether two people cohabitated under R.C. 2919.25 is a question of fact. *State v. Miller* (1995), 105 Ohio App.3d 679, 686, 664 N.E.2d 1309. Therefore, we must assess whether the testimony elicited during the proceedings supports the trial court's finding that Pash and Paula were cohabitating within the purview of the statute.

{¶11} Initially, it is undisputed by the parties that Pash moved into Paula's home around Christmas of 2008 and that the two lived together in Paula's home until March 3, 2009, when the incident occurred. As for the first *Williams* element of sharing familial or financial responsibilities, it is also undisputed by the parties that Paula fully supported Pash during the three months that they lived together in Paula's home. Pash testified that he quit his job shortly after beginning his relationship with Paula. Since Pash had no income, Paula paid for all the household expenses, such as food, shelter and utilities in addition to Pash's

personal expenses. Paula testified that she paid both Pash's current and back child support payments to prevent him from going to jail.

{¶12} As for the second *Williams* element of consortium, Pash testified that he slept in the recliner each night and that he and Paula only had sex once—an event that took place prior to them living together. Although Paula testified that she and Pash only occasionally slept in the same bed, she also testified that Pash slept in the recliner because he was uncomfortable sleeping flat. Paula further testified that most nights she slept on the couch in the living room where Pash slept, despite having her own bed, because Pash asked her to stay with him when he did not feel well. Moreover, Paula testified that she and Pash were "boyfriend and girlfriend" and that the two were involved in a sexual relationship while Pash lived in Paula's home. Paula also stated that only a couple days prior to the incident, Pash had promised to marry her.

{¶13} Based on the testimony from both the parties at trial, it is apparent that elicited facts provided ample support for the trial court to find that the parties were cohabitating within the meaning of the statute. Therefore, we find no err in the trial court's determination that Pash and Paula were cohabitating under both the elements set forth by the *Williams* Court and R.C. 2919.25. Accordingly, Pash's second assignment of error is overruled.

*The First Assignment of Error*

{¶14} In his first assignment of error, Pash argues that the trial court erred in finding him guilty because his conviction was not supported by sufficient evidence. When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 260, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶15} In the instant case, Pash was charged with domestic violence, in violation of R.C. 2919.25(C). Under this section, the state must prove as an essential element of the crime the belief of the household member that the offender will cause imminent physical harm. We note that the relevant inquiry is not whether the state can prove the ability of the accused to carry out the threat imminently and/or movement toward carrying it out. Instead, the essential inquiry is whether "the proof fully evidences a reasonable belief by the victim that the accused will cause imminent physical harm." See *State v. Taylor* (1996), 79 Ohio Misc.2d 82, 85, 671 N.E.2d 343 citing *State v. Collie* (1996), 108 Ohio App.3d 580, 583, 671 N.E.2d 338.

{¶16} As discussed above, the record supported the trial court's determination that Pash and Paula were cohabitating at the time of the incident. Therefore, Paula is considered a household member within the meaning of R.C. 2919.25. Next, we must discern whether the evidence in the record demonstrated a reasonable belief by Paula that Pash would cause imminent physical harm to her when the threat was made.

{¶17} Paula testified that on March 3, 2009, when Pash returned to the home, an argument between she and Pash ensued and Paula demanded that Pash move out of her home. Paula testified that in response to this demand, Pash told her "you don't want me to leave" and then repeatedly stated "I will kill you" if she made any attempt to force him to leave her home. Paula further testified that she felt intimidated by Pash's statements and feared for her life. Paula stated that Pash's threat prompted her to change the locks on her house and file a complaint because Pash told her that he would return and "sooner or later, he will get" her.

{¶18} Thus, after viewing all the evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Paula had a reasonable belief that Pash was going to cause her imminent physical harm. Therefore, we conclude that all the essential elements of the offense were supported by the testimony elicited at trial and thus, we find no error in the trial court's conviction of Pash for a charge of Domestic Violence in

violation of R.C. 2919.25(C). As such, Pash's first assignment of error is overruled.

{¶19} For these reasons the Judgment Entry of the Celina Municipal Court is affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**