[Cite as *State v. Cleaves*, 2020-Ohio-133.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals No. WD-18-032

      Appellee                                     Trial Court No. 2017CR0416

v.

Cecil R. Cleaves, Jr.                             **DECISION AND JUDGMENT**

      Appellant                                   Decided:  January 17, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, David T.
Harold and James A. Hoppenjans, Assistant Prosecuting Attorneys,
for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Cecil Cleaves, appeals the March 26, 2018 judgment

of the Wood County Court of Common Pleas which, following a jury trial finding him

guilty of felony domestic violence, sentenced him to 36 months in prison.  For the

reasons that follow, we affirm.

{¶ 2} Appellant was indicted on September 7, 2017, for an incident on August 13, 2017, where he allegedly caused or attempted to cause physical harm to D.Z., a family or household member. The indictment further alleged that appellant had previously been convicted of domestic violence in 2007, 2009, and 2015. Appellant entered a not guilty plea to the charge.

{¶ 3} On January 2, 2018, the state filed a notice of its intent to use evidence of the underlying facts of appellant's domestic violence convictions pursuant to Evid.R. 404(B) for the purpose of showing that appellant had a "behavioral fingerprint" as the cases involved the same victim who sustained similar injuries. The state further explained that "it [wa]s anticipated that the Defendant may attempt to show that the injury suffered by the victim was accidental and not intentional."

{¶ 4} Appellant filed a motion in limine arguing that the evidence intended to be admitted by the state was prohibited under Evid.R. 404(B) as it was simply being introduced to show that appellant acted in conformity therewith and that the "behavioral fingerprint" argument applies only in cases where identification is at issue.

{¶ 5} A hearing on the motion was held on January 29, 2018. The state expressed its desire to have the majority of the prior acts evidence come from the 2015 case which it claimed was near-identical in nature. Citing multiple Ohio cases addressing the admissibility of Evid.R. 404(B) evidence, the court determined:

> [I]n this particular case we have the same defendant, we have the
> same victim, we have substantially the same injuries, and it seems to be the

2.

same kind of circumstances, factual scenario surrounding it. I think that if, as long as the foundational requirements are made, at least the 2015 and the 2009 would be admissible. I'm questioning whether or not the 2007 is close enough in time or not. So that's preliminarily, at least, my thoughts on that. That's what a motion in limine is asking for is my preliminary thoughts.

The court further indicated that there would be a limiting instruction given to the jury.

{¶ 6} Following the preliminary ruling, when asked for clarification by defense counsel the state indicated that it was arguing the admissibility of the other acts evidence based on the exceptions of "intent, opportunity, plan, preparation, absence of mistake or accident." As to the victim, D.Z., the state also asserted the application of Evid.R. 611(C), which permits leading questions on direct examination where a witness is "identified" with an adverse party.

{¶ 7} The matter then proceeded to trial. Bowling Green Police Officer Adam Cox testified that on August 13, 2017, he responded to a domestic violence call on Liberty Street in Bowling Green, Ohio. Officer Cox stated that the female victim's face was "pretty bloodied." Officer Cox proceeded to the apartment and observed appellant through the screen door sitting on the floor. Appellant came out of the apartment and Cox observed that he was shirtless and that there was blood on his chest. Appellant was taken into "investigative custody."

3.

{¶ 8} Cox identified the photographs he took of the parties which depicted the victim's injuries and the blood on appellant. Officer Cox was cross-examined regarding the injuries and acknowledged that no information was given by the victim as to how they were sustained. Cox further admitted that it appeared that appellant had a wound on his arm. He also acknowledged that the victim was "somewhat disabled" and had been drinking on the day of the incident and that appellant is legally blind.

{¶ 9} On the day of the incident, Daniel R. was visiting with his parents on Liberty Street when he observed an elderly woman on the front porch speaking with his daughter; the woman was bleeding from her mouth. The woman stated that her boyfriend hit her. Daniel called 911; the recording was played for the jury. During the call, Daniel asked the victim two questions: her age, to which she responded 62, and who injured her, and she stated "Cecil Cleaves."

{¶ 10} Bowling Green Police Sergeant Ryan Tackett testified regarding a May 29, 2009 domestic violence report. Sergeant Tackett testified that the victim and appellant were involved and that the victim had cuts and scratches around her mouth and entire face. He also noticed that there were beer cans laying around the apartment. A photograph depicting the victim's injuries was admitted over objection.

{¶ 11} The victim, D.Z., testified that she suffered serious injuries in an automobile accident in 1972, and suffered some memory issues and walked with a limp. D.Z. testified that she met appellant in 2003, and he has been blind for at least that long. D.Z. testified that from 2003 on appellant lived with her at various times. D.Z. stated in

4.

August 2017, appellant lived with her at her apartment on Liberty Street in Bowling Green. She had lived there since 2006.

{¶ 12} D.Z. testified that she did not remember the events of August 13, 2017. This was due to the 1972 automobile accident. D.Z. stated that she loves appellant and wanted him to return home with her. D.Z. admitted that she and appellant would drink alcohol daily if it was available. She also admitted that they would argue but denied any physical violence.

{¶ 13} D.Z. was shown a photograph from the 2007 incident; she had no recollection of the injury. After being shown the May 29, 2009 photograph taken by Sergeant Tackett, D.Z. acknowledged the injuries but testified that they did not occur on that date. D.Z. stated that she fell at a Ben Franklin store. D.Z. then stated that she fell at the same store in 2015. D.Z. clarified that she suffers frequent falls and that the injuries in this case could have been from a fall.

{¶ 14} D.Z. was questioned about testifying at appellant's prior domestic violence trial. Appellant's counsel objected to the questioning and argued that the state was improperly attempting to impeach its own witness with her prior inconsistent testimony. The state again asserted that it was treating D.Z. as a witness aligned with the defendant and was able to ask leading questions. The state responded:

> I don't think I'm impeaching her. I think she testified in 2015 that's
> when she fell at the store. I'm trying to get to the logic of when these
> occurred. She's confused on them. She's trying to say it occurred on

5.

another occasion. I'm trying to get her to clarify. She testified in 2015 that's where that occurred in relationship to that photograph.

{¶ 15} The court overruled the objection. D.Z. then agreed that at the prior trial she similarly testified that appellant did not strike her. She denied knowing the outcome of the trial. She did acknowledge that he had been in prison prior to moving in with her in July 2017.

{¶ 16} During cross-examination, D.Z. was further questioned about her inability to remember past events, her frequent falls, and her past fall at the Ben Franklin store. D.Z. acknowledged that any injuries from the 2017 incident could have been from a fall.

{¶ 17} Neighbor and friend of the victim, Patrick V., testified that he could hear the victim and appellant arguing. Patrick stated that he went over to the apartment twice on the day of the incident to see if everything was okay. When the police were eventually called he was away with his family.

{¶ 18} The next day, prior to the resumption of testimony, the trial court gave the following limiting instruction:

> Evidence was received or will be received that the defendant was previously convicted of three offenses of domestic violence. Evidence was also received of other acts other than the offense with which the defendant is charged in this trial. That evidence may only be used by you for limited purposes. First, evidence of the prior convictions was received because a prior conviction is an element of the [crimes] charged. It was not received

6.

and you may not consider it to prove the character of the defendant in order to show that he acted in conformity or in accordance with that character. Evidence was also received about the commission of crimes and other acts other than the offense with which the defendant is charged in this trial. That evidence also was received only for a limited purpose. If you find that the defendant of the other crimes or acts is true, that the defendant committed them, you may consider that evidence only for the purpose of deciding whether it proves the absence of mistake or accident relative to the facts of the offense in this case or the defendant's motive, opportunity, intent or plan to commit the offense charged in this trial of the defendant's knowledge of the circumstances surrounding the offense charged in this trial or the identity of the person who committed the offense in this trial. The use of this evidence by you must be limited to these purposes. Once again, the evidence about the commission of crimes and acts other than the offense with which the defendant is charged was not received and you may not consider it to prove the character of the defendant in order to show that he acted in conformity or in accordance with that character. To use the evidence for such a purpose would be unfair to the defendant and contrary to the law.

{¶ 19} Testimony then resumed with probation officer Brian Laux. Laux testified that in 2007, he supervised appellant's probation following his conviction for felony-four

domestic violence. In 2009, Laux also testified that appellant was placed on probation in 2009 for felony-three domestic violence. Certified judgment entries of appellant's convictions from 2007, 2009, and 2015 were admitted over objection.

{¶ 20} Lynn C. testified that in January 2015, she was moving into an apartment on Liberty Street in Bowling Green, Ohio, when she heard someone screaming in the apartment next door. Lynn stated that the victim came outside and told her to call 911 because appellant was going to kill her. Lynn testified that the victim's face looked like a "blueberry" and identified photographs depicting the injuries.

{¶ 21} Lynn testified that she moved out of the apartment after four months because the victim offered her money and threatened her not to testify against appellant. Lynn stated that she did testify at the 2015 trial.

{¶ 22} Bowling Green Patrol Officer Jeremy Lauer testified that he responded to the victim's apartment in January 2015. Regarding the victim's facial injuries and reviewing the 2015 photographs, Lauer stated that the cut on her lip and some redness appeared recent but some of the bruising looked like it could have been caused from a fall on the ice as reported.

{¶ 23} At the conclusion of the testimony, the court and the parties reviewed the exhibits. The photograph of the victim's injuries from 2007 was not admitted. Photographs from 2009 and 2015 cases were admitted over objection. Appellant's renewed Crim.R. 29 motion for acquittal was denied. The court again instructed the jury

8.

of the limited purpose of the evidence presented regarding appellant's three prior domestic violence convictions.

{¶ 24} Following deliberations, appellant was found guilty. On March 26, 2018, appellant was sentenced to 36 months in prison to be served consecutive to the 836 day sentence for the postrelease control violation in his 2015 case. This appeal followed with appellant raising three assignments of error for our review:

> I. The trial court erred to the prejudice of appellant by improperly allowing Evid.R. 404(B) evidence to be introduced by the state.

> II. The trial court erred in denying appellant's Rule 29 Motion for Acquittal at the completion of the state's case in chief.

> III. Appellant's conviction was against the manifest weight of the evidence introduced by the state at trial.

{¶ 25} Appellant's first assignment of error challenges the trial court's decision allowing the state to present unfairly prejudicial evidence of appellant's prior domestic violence convictions. This assignment of error involves the application of Evid.R. 404(B) which provides:

> Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases,

9.

the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶ 26} Other acts evidence is admissible only when it "tends to show" one of the material elements in the charged offense and only when it is relevant to the proof of the accused's guilt for such offense. *State v. Curry*, 43 Ohio St.2d 66, 68-69, 330 N.E.2d 720 (1975). Generally, Evid.R. 404(B) "'affords broad discretion to the trial judge regarding the admission of other acts evidence.'" *State v. Ridley*, 6th Dist. Lucas No. L-10-1314, 2013-Ohio-1268, ¶ 31, quoting *State v. Williams*, 134 Ohio St.3d 5211, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 17.

{¶ 27} In determining whether the trial court abused its discretion in allowing testimony regarding appellant's prior acts, we must use the three-step analysis developed by the Ohio Supreme Court:

> The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in

10.

Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. See Evid.R. 403.

*Williams* at ¶ 20.

{¶ 28} The specific act complained of on appeal includes evidence presented by Officer Jeremy Lauer and neighbor Lynn C. regarding the domestic violence incident in 2015. The state contends that such evidence was properly admitted as evidence of intent or a modus operandi or a lack of accident or mistake.

**Intent**

{¶ 29} "'[P]rior bad acts by a defendant against the same victim are * * * admissible in domestic violence cases to prove the defendant's intent.'" *State v. Blonski*, 125 Ohio App.3d 103, 113, 707 N.E.2d 1168 (9th Dist.1997), quoting *State v. Johnson*, 73 Ohio Misc.2d 1, 3, 657 N.E.2d 383 (M.C.1994).

[W]hen using "other acts" evidence, to show the defendant's intent, the offense for which the defendant is being tried and the other act must have occurred reasonably near to each other and a similar scheme, plan, or system must have been utilized to commit the offense at issue and the other offenses.

*Id.*, citing *State v. Elliott*, 91 Ohio App.3d 763, 771, 633 N.E.2d 1144 (3d Dist.1993). *Accord State v. Williams*, 6th Dist. Lucas Nos. L-10-1019, L-10-1020, L-10-1021, 2011-Ohio-2702, ¶ 31.

{¶ 30} In the present case, we find that the testimony presented regarding the 2015 incident was closely related in time, involved the same victim, and occurred under a similar set of circumstances. The parties were involved in a verbal altercation, alcohol was consumed, and the victim suffered injuries to her face. Accordingly we find that the evidence was properly admitted to show intent.

### Accident or Mistake

{¶ 31} The state also argues that the evidence of the 2015 domestic violence incident was admissible to refute the contention that the victim's injuries occurred due to her balance issues and intoxication. In *State v. Ridley*, 6th Dist. Lucas No. L-10-1314, 2013-Ohio-1268, ¶ 36, we upheld the admission of such evidence where the appellant's own testimony suggested that the victim's injuries were accidental.

{¶ 32} Unlike *Ridley*, in the present case appellant did not initially present evidence that the victim's injuries were accidental; the victim, the state's witness, did. However, under Evid.R. 611(C), as discussed before and during trial, the state indicated that D.Z. was a witness aligned with appellant and that it was permitted to clarify her testimony by way of leading questions. D.Z. denied that appellant hit her. She testified that she had memory and balance problems and that her injuries could have been the

12.

result of a fall. Thus, we believe that the disputed evidence was properly admissible to rebut a claimed accident.

{¶ 33} Because we have concluded that the evidence was admissible to show intent and absence of mistake or accident, we must now consider whether the evidence was actually used to prove that appellant acted in conformity with the character depicted by the other acts evidence. *Williams,* 134 Ohio St.3d 5211, 2012-Ohio-5695, 983 N.E.2d 1278, at ¶ 23. We conclude that the testimony at issue was presented to bolster the state's contention that D.Z.'s injuries were not caused by a fall. As it was factually similar to the incident in dispute, it corroborated the testimony of appellant's neighbors and the responding officers. Further, as set forth above, just prior to the contested evidence and at the close of the trial the court gave a detailed limiting instruction cautioning the jurors to not use such evidence to either prove the character of the defendant or that he acted in conformity therewith. A jury is presumed to follow the court's instructions. *Id.*; *Ridley* at ¶ 38-39.

{¶ 34} Moreover, we cannot find that the risk of unfair prejudice outweighed the probative value of the evidence presented. Despite the victim's refusal to implicate appellant as the perpetrator of the offense, substantial corroborating evidence was presented. A neighbor testified that the parties had been arguing and drinking throughout the day. Further a witness testified as to the victim's injuries; during his call to 911, the victim can be heard stating that appellant caused her injuries. Finally, there was testimony from the responding officer and photographic evidence.

13.

{¶ 35} Accordingly, we find that the trial court did not err in allowing the admission of the other acts evidence under Evid.R. 404(B). Appellant's first assignment of error is not well-taken.

{¶ 36} In his second assignment of error, appellant argues that the court erroneously denied his Crim.R. 29 motion for acquittal. Such a motion is treated on appeal under the same standard that is applied to claims challenging the sufficiency of the evidence to support a conviction. *State v. Witcher*, 6th Dist. Lucas No. L-06-1039, 2007-Ohio-3960, ¶ 20.

{¶ 37} A challenge to a conviction based upon a claim of insufficiency of the evidence presents a question of law on whether the evidence at trial is legally adequate to support a jury verdict on all elements of a crime. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). An appellate court does not weigh credibility when reviewing the sufficiency of evidence to support a verdict. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A reviewing court considers whether the evidence at trial "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶ 38} The elements of the offense of third-degree felony domestic violence include:

14.

(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

* * *

(D)(1) Whoever violates this section is guilty of domestic violence, and the court shall sentence the offender as provided in divisions (D)(2) to (6) of this section.

* * *

(4) If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) or (B) of this section is a felony of the third degree, * * *.

R.C. 2919.25.

{¶ 39} Reviewing the trial testimony, we find that the evidence was sufficient to support appellant's conviction. Testimony was presented that on August 13, 2017, in Bowling Green, Wood County, Ohio, the victim went to a neighbor's house with fresh injuries she stated were caused by appellant; she is heard on the 911 call stating that appellant caused her injuries. Earlier in the day, another neighbor heard the parties arguing and had even checked up on the victim out of concern. There was evidence presented about the similar 2015 incident between the parties. Testimony was presented

that the parties lived together at various times since 2003, and that they shared household expenses. Finally, evidence was presented that appellant was convicted of domestic violence in 2007, 2009, and 2015. Appellant's second assignment of error is not well-taken.

{¶ 40} Appellant's third and final assignment of error is that his conviction was against the manifest weight of the evidence. A claim that a jury verdict is against the manifest weight of the evidence requires an appellate court to act as a "thirteenth juror." *Thompkins* at 387. An appellate court,

> "'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"

*Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 41} Appellant argues that the weight of the evidence did not support the conviction because no one witnessed the incident, the victim denied the incident, and the victim was unsteady on her feet and had frequent falls. We disagree. Reviewing the evidence presented at trial, a reasonable juror could have concluded that the injuries sustained by the victim were caused by appellant striking her. There was evidence that

16.

the parties had been drinking and arguing throughout the day, the victim stated to a witness that appellant hit her, and there had been past domestic violence incidents between the parties. Accordingly, we find that appellant's third assignment of error is not well-taken.

{¶ 42} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                              JUDGE

Thomas J. Osowik, J.
CONCUR.                            _____
                                              JUDGE

Gene A. Zmuda, P.J.,
DISSENTS AND WRITES
SEPARATELY.

**ZMUDA, P.J., dissenting:**

{¶ 43} Because I find that the issue of intent and absence of mistake or accident was not in dispute in this case, I would conclude that the trial court's admission of other acts evidence under Evid.R. 404(B) constituted an abuse of discretion. Therefore, I must respectfully dissent.

{¶ 44} The majority cites the appropriate three-step analytical framework that is relevant to this case, as set forth by the Ohio Supreme Court in *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278. The first step of that analysis is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Id.* at ¶ 20. In other words, the state's proof of appellant's intent and an absence of mistake or accident must be consequential to the outcome of this case. It is not enough that the evidence tends to prove that appellant acted intentionally and not accidentally or mistakenly. As discussed below, those issues must actually be in dispute in order to satisfy the first part of the *Williams* test.

{¶ 45} Our decision in *State v. Sargent*, 6th Dist. Lucas No. L-13-1125, 2015-Ohio-704 is instructive in this case. In *Sargent*, the defendant, Kenneth Sargent, was convicted of felony domestic violence following a jury trial, during which the state

introduced evidence that Sargent grabbed his victim by the neck with both hands and choked her so hard that she defecated on herself. *Id*. at ¶ 6. Because Sargent had been previously convicted of domestic violence on two separate occasions, he was charged under R.C. 2919.25(D)(4), which elevates the offense of domestic violence to a felony of the third degree for offenders who "previously pleaded guilty to or [have] been convicted of two or more offenses of domestic violence."

**{¶ 46}** Despite Sargent's stipulation to his prior convictions for domestic violence, the state introduced the testimony of the investigating detective who was assigned to one of the prior domestic violence cases at trial. The detective testified that

> on September 27, 2006, he investigated a prior domestic violence incident
> involving [Sargent] and further testified as to a statement made by the
> victim of the crime. He testified that "[t]he victim of the crime stated that
> the Defendant placed his hands around her neck and strangled her and also
> assaulted her with his fist, punching her in the face."

*Id.* at ¶ 11.

**{¶ 47}** On appeal before this court, the state supported its introduction of the foregoing testimony under Evid.R. 404(B) by arguing that such testimony was admissible to show modus operandi and identity because the prior offense of domestic violence was similar in nature to the one before the court, both offenses having been committed by means of strangulation. *Sargent* at ¶ 19.

19.

**{¶ 48}** In response, Sargent argued that the evidence was inadmissible for the purpose of establishing identity, because Sargent and the victim knew each other and therefore identity was not at issue in the case. We agreed with Sargent, finding that "[n]o issue of identity is presented in this case as the dispute at bar is whether a crime occurred, not the identity of the alleged perpetrator." *Id*. at ¶ 21, citing *State v. Clay*, 187 Ohio App.3d 633, 2010-Ohio-2720, 933 N.E.2d 296, ¶ 45 (5th Dist.) and *Mt. Vernon v. Hayes*, 5th Dist. Knox No. 09-CA-00007, 2009-Ohio-6819, ¶ 26. We found that evidence of identity failed the first step of the *Williams* test because evidence of identity was undisputed and a determination of guilt was not furthered by such evidence. *Id.* at ¶ 22. We also determined that the evidence failed the second and third steps because it served no legitimate purpose, and it was not probative to any material issue in dispute and thus its use was substantially outweighed by the danger of unfair prejudice to Sargent. *Id.*

**{¶ 49}** In rebutting the state's claim that the evidence of the prior domestic violence offense was admissible to establish modus operandi, Sargent contended that "the state offered evidence of a single prior incident of domestic violence, that the incident occurred seven years before, and that the evidence did not demonstrate any unique method or pattern in committing the offense." *Id.* at ¶ 23. During our analysis of Sargent's modus operandi argument, we summarized the relevant Ohio Supreme Court authority on the admissibility of other acts evidence to prove scheme, plan, and pattern of conduct or modus operandi under Evid.R. 404(B), ultimately concluding that there was no issue other than identity for which evidence of modus operandi was relevant. Because

20.

identity was not in dispute, we found that the trial court abused its discretion by admitting the other acts evidence. *Id.* at ¶ 28.

{¶ 50} In the present case, the state asserted at trial that the other acts evidence under Evid.R. 404(B) was proper because the evidence was offered for a permissible purpose under the rule. When asked to identify the basis for the admission of the other acts evidence at trial, the state indicated that it was "alleging it either is intent, opportunity, plan, preparation, absence of mistake or accident." The state went on to comment on the fact that it did not narrow down the list of potential permissible uses under Evid.R. 404(B) because it "want[ed] to be able to argue them on all on appeal." In the present appeal, the state argues that the other acts evidence was introduced to establish appellant's intent and absence of mistake or accident. Applying our holding in *Sargent*, the admission of appellant's prior domestic violence offenses was only proper if appellant's intent and absence of mistake or accident were actually at issue in this case.

{¶ 51} My examination of the testimony provided at trial has revealed no dispute over whether appellant acted intentionally. The dispute at trial was not over whether appellant *intended* to hit D.Z. Moreover, appellant did not acknowledge hitting D.Z. only to insist that he *accidentally* or *mistakenly* hit her. Instead, appellant's defense at trial was that he did not act at all. Appellant elicited testimony at trial to show that D.Z. sustained her injuries as a result of a fall, a possibility that D.Z. could not rule out during her testimony. While the fall itself may have been accidental, as suggested by the majority, the type of accident envisioned by Evid.R. 404(B) is an accident brought about

21.

by the conduct of the defendant. *State v. Bey*, 8th Dist. Cuyahoga No. 106745, 2019-Ohio-1884, ¶ 54; *see also State v. Davis*, 7th Dist. Columbiana No. 94-CO-12, 1995 WL 569191, *6 (Sept. 26, 1995) ("The accident referred to in [Evid.R. 404(B) and R.C. 2945.59] is an accidental act on the part of the defendant which results in * * * [the injury or death of another]. It is more or less a situation of confession and avoidance. The defendant admits that he or she was involved in the act which caused the death of another or caused the commission of some crime, but presents evidence that it was purely accidental and not in any way intended.").

{¶ 52} Here, appellant's defense was that D.Z. fell on her own, not that he accidentally caused her to fall. On these facts, the state's reliance on intent or absence of mistake or accident was misplaced. *See State v. Morris*, 2012-Ohio-6151, 985 N.E.2d 274, ¶ 32-33 (9th Dist.) (rejecting an argument under Evid.R. 404 that other acts evidence was admissible to show absence of mistake or accident where the defendant did not claim that he accidentally raped the victim or that he mistakenly had intercourse with her, but instead denied the crime had ever occurred).

{¶ 53} In sum, I find that the state's proof of appellant's intent or absence of mistake or accident was not consequential to the outcome of this case because appellant did not make a claim that he acted unintentionally, accidentally, or mistakenly. Because intent and absence of mistake or accident were not at issue in this case, the only purpose for which the other acts evidence could have been offered was in order to demonstrate that appellant likely committed domestic violence in this case because he had committed

such offenses previously, a purpose that is expressly prohibited under Evid.R. 404(B).  I would hold that the trial court abused its discretion in admitting the other acts evidence in this case under Evid.R. 404(B).  Because the majority holds otherwise, I must respectfully dissent.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.